1

2

3

4

5

6

7

8                         IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   IN-SHAPE HEALTH CLUBS, INC.,
     a California corporation,
12
              Plaintiff,                        No. 2:10-cv-02791-JAM-KJN
13
         vs.
14
     TURLOCK HEALTH & FITNESS
15   CENTER, INC., dba BRENDA ATHLETIC
     CLUBS, a California corporation; and DOES
16   1 through 10, inclusive

17            Defendants.                        ORDER

18   _____/

19            Currently before the court is a Motion to Compel And For Sanctions (the

20   "Motion") filed by plaintiff In-Shape Health Clubs, Inc. (the "plaintiff").[1]  (Motion, Dkt. Nos. 13,

21   11.)  The Motion was set to be heard on June 30, 2011.  (Dkt. Nos. 13, 11.)

22            The afternoon on the day before the hearing, counsel for defendant Turlock Health

23   & Fitness Center, Inc. (the "defendant") filed a Statement of Non-Opposition to the pending

24   Motion.  (Dkt. No. 17.)  Given this late-filed Statement of Non-Opposition, the court issued a

25   minute order clarifying the need for all counsel to attend the hearing despite the apparent

26

_____

         [1]   This action proceeds before the undersigned pursuant to Eastern District of California
     Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

resolution of the dispute.  (Dkt. No. 18.)

The Motion came on for hearing on June 30, 2011.  Attorney Sarah Fischer attended on behalf of the plaintiff.  Attorney Michael Warda attended on behalf of the defendant. Mr. Warda clarified that defendant did not oppose the pending Motion and would not oppose the request for sanctions.  Mr. Warda also clarified that he had difficulties communicating with his client regarding the outstanding production and that, within 21 days, he would be able to produce the documents in question.

For the reasons stated on the record during the hearing, it is HEREBY ORDERED that:

1.    By Thursday, July 21, 2011, defendant shall produce all documents responsive to plaintiff's First Request for Production Of Documents.  (Motion, Exh. A; Dkt. No. 11-2.)  Such production will be subject to the objections defendant timely preserved in defendant's written responses to the requests.  (Motion, Exh. B; Dkt. No. 11-2.)

2.    By Thursday, July 21, 2011, Mr. Warda's office shall have postmarked and mailed a check for $2,200.00 to plaintiff's counsel's office, as an award of plaintiff's counsel's reasonable expenses incurred in making the Motion, including attorney's fees.  Fed. R. Civ. P. 37(a)(5)(A); E.D. Local Rules 110, 251(d).  The $2,200.00 shall be paid by Mr. Warda himself and shall come from his personal funds.  Within ten days after this payment, Mr. Warda is to file a declaration confirming that the $2,200.00 has been paid, that he has paid the sum out of his personal funds, and that he will not bill his client for the $2,200.00 or make such payment the responsibility of his client as attorney's fees or costs.

**IT IS SO ORDERED.**

DATED:  July 1, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE